## Hagey v. Pennsylvania Railroad Company.

*Negligence—Railroads—Trespassing animals—Attractive nuisance—Poi-
son on weeds—Cause of action.*

1. There is no sound reason why the humanitarian principle, which holds a
defendant responsible for the exercise of reasonable care for the protection of a
child, invited upon the defendant's land by the placing within access there of some-
thing tempting to the child, should not apply with equal force to the enticing of
cattle, where the allurement was so great that cattle were known to have broken
down fences, which under ordinary conditions would be adequate, in order to gain
access to the allurement offered.

2. In an action to recover damages for the death of cattle poisoned by eating
weeds on the right of way of defendant railroad company, upon which the com-
pany had spread large quantities of poison for the purpose of killing the weeds, it
was averred that the defendant company knew the substance was poisonous and
that it had an odor and taste especially attractive to cattle.  It also appeared that
the pasture field where the cattle were kept was separated from the right of way
by a wire fence in good condition and of sufficient height and strength to confine
cattle under ordinary conditions: *Held,* that the statement of claim sufficiently set
forth a cause of action.

Affidavit of defence raising questions of law.  C. P. Blair Co., Oct. T., 1924,
No. 98.

*G. G. Patterson,* for plaintiff; *Riley & Hewit,* for defendant.

BALDRIGE, P. J., April 22, 1925.—The plaintiff is the owner of a farm
through which the defendant company operates and maintains a railroad.  It

Hagey v. Pennsylvania Railroad Company.

is averred that the defendant company, with full knowledge that the plaintiff's herd of Holstein cattle were being pastured in the field adjoining its property, placed upon its right of way in close proximity to the cattle a large amount of deadly poison for the purpose of destroying the weeds on the said right of way. That the pasture field was separated from the defendant's right of way by a wire fence in good condition and of sufficient height and strength to confine cattle under ordinary conditions. That the defendant company knew that this substance was poisonous and that it had an odor and a taste especially attractive to cattle. That the plaintiff's cattle broke down the fence to eat this poison, and, as a result, the cattle died. Hence, this suit was brought.

A demurrer was filed, alleging that the plaintiff's statement failed to show any legal cause of action against this defendant.

The basis of the plaintiff's claim is negligence. He has averred that the defendant has failed to perform a duty imposed upon him by law. What, if any, duty was imposed upon the defendant company respecting its conduct toward this plaintiff?

It is a well recognized principle that one must use his own property so as not to injure that of his neighbors. That doctrine is more frequently invoked in cases of lateral support, the erection of embankments, dangerous pits, etc. But it is not limited to that character of cases; it embraces attractive nuisances.

It is conceded that an owner owes no duty to a mere trespasser and is not liable to him except for some wanton or wilful act. He is not required to keep his premises in a safe and suitable condition against all who might by chance wander thereon, but the State of Pennsylvania has recognized the doctrine that when an owner erects upon his premises an attractive appliance or permits his land to be used as a playground, so as to invite or permit the public to use his premises, or where he brings or permits thereon something of an artificial nature, which is attractive and inherently dangerous, as in the instant case, then he is bound to use reasonable care for the protection of persons, and he becomes liable for a negligent act, notwithstanding that the person injured may be a trespasser: Nichol v. Bell Telephone Co., 266 Pa. 463; Fitzpatrick v. Pennfield, 267 Pa. 564.

The placing within access of something that would be tempting to a child would be, in effect, an invitation to come upon the land and use or partake of it. It can hardly be contended that if an invitation was extended, it would not be the duty of the owner to exercise reasonable care toward his guest. If, therefore, this defendant used on his property poison, as is alleged, and had notice that it would attract persons thereon to their injury, it would be responsible. There is no sound reason why this humanitarian principle would not apply with equal force to the enticing of cattle, where the allurement was so great that the cattle were known to have broken down fences which under ordinary conditions would be adequate to enclose them, as is averred.

There is a decided difference between the plaintiff's statement than in the case of Clapper v. Pennsylvania R. R. Co., 6 D. & C. 619. There was no allegation in the latter that the defendant company knew the effect of the poison used upon the cattle—that it would induce them to trespass upon the right of way. The question involved is novel and not entirely free from doubt, but we lean toward giving the plaintiff an opportunity to prove his averments.

The demurrer is, therefore, overruled.

From Robert W. Smith, Hollidaysburg, Pa.